UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,

                             *Plaintiff,*

v.

BIGLARI HOLDINGS INC.
17802 IH 10 West
Suite 400
San Antonio, TX 78257

                             *Defendant.*

Civil Action No.

**COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY
WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS
OF THE HART-SCOTT RODINO ACT**

The United States of America, acting under the direction of the Attorney General of the United States and at the request of the Federal Trade Commission, brings this civil antitrust action to obtain monetary relief in the form of civil penalties against Defendant Biglari Holdings Inc. ("Biglari"). The United States alleges as follows:

NATURE OF THE ACTION

1.     Biglari violated the notice and waiting period requirements of Section 7A of the Clayton Act, (15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 "HSR Act" or "Act"), with respect to the acquisition of voting securities of Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") in 2020.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355 and over Defendant by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3. Venue is proper in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## THE DEFENDANT

4. Biglari is a corporation organized under the laws of Indiana with its principal office and place of business at 17802 IH 10 West, Suite 400, San Antonio, TX 78257. Biglari is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1). At all times relevant to this complaint, Biglari had sales or assets in excess of $18.8 million.

## OTHER ENTITY

5. Cracker Barrel is a corporation organized under the laws of Tennessee with its principal place of business at 305 Hartmann Drive, Lebanon, TN 37087. Cracker Barrel is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1). At all times relevant to this complaint, Cracker Barrel had sales or assets in excess of $188 million.

## THE HART-SCOTT-RODINO ACT AND RULES

6. The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the Department of Justice and the Federal Trade Commission (collectively, the "federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a (a) and (b). The notification and waiting period requirements apply to acquisitions that meet the HSR Act's size of transaction and size of person thresholds, which have been adjusted annually since 2004. The size of transaction threshold is met for transactions valued over $50 million, as adjusted ($94 million in 2020). In addition, there is a separate filing requirement for transactions in which the acquirer will hold voting securities in excess of $100 million, as adjusted ($188 million in 2020), and for transactions in which the acquirer will hold voting securities in excess of $500 million, as adjusted ($940.1 million in 2020). With respect to the size of person thresholds, the HSR Act applies if one person involved in the transaction has sales or assets in excess of $10 million, as adjusted ($18.8 million in 2020), and the other person has sales or assets in excess of $100 million, as adjusted ($188 million in 2020).

7. The HSR Act's notification and waiting period requirements are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with the opportunity to investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

8. Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were promulgated to carry out the purposes of the HSR Act. 16 C.F.R. §§ 801-03 ("HSR Rules"). The HSR Rules, among other things, define terms contained in the HSR Act.

9. Pursuant to Section 801.13(a)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(1), "all voting securities of [an] issuer which will be held by the acquiring person after the consummation of an acquisition" – including any held before the acquisition – are deemed held "as a result of" the acquisition at issue.

10. Pursuant to Sections 801.13(a)(2) and 801.10(c)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(2) and § 801.10(c)(1), the value of voting securities already held is the market price, defined to be the lowest closing price within 45 days prior to the subsequent acquisition.

11. Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation. Pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), the dollar amounts of civil penalties listed in Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, are adjusted annually for inflation; the maximum amount of civil penalty in effect at the time of Biglari's corrective filing was $43,280 per day. 85 Fed. Reg. 2014 (January 14, 2020).

## DEFENDANT'S PRIOR VIOLATION OF THE HSR ACT

12. The violation alleged in this complaint is not Biglari's first violation of the HSR Act. On June 8, 2011, Biglari acquired Cracker Barrel voting securities that resulted in its

holdings exceeding the adjusted $50 million threshold then in effect under the HSR Act. Biglari continued to acquire Cracker Barrel voting securities through June 13, 2011. Although required to do so, Biglari did not file under the HSR Act or observe the HSR Act's waiting period prior to acquiring Cracker Barrel voting securities on June 8, 2011.

13. Biglari claimed that its acquisitions of Cracker Barrel voting securities beginning June 8, 2011, were exempt from the reporting and waiting period requirements of the HSR Act under the exemption for certain acquisitions made solely for the purpose of investment. 15 U.S.C. § 18a(c)(9) and 16 C.F.R. § 802.9. On August 26, 2011, Biglari filed under the HSR Act to increase its holdings of Cracker Barrel voting securities beyond the 10% limit of the exemption for acquisitions made solely for the purpose of investment. The waiting period on this filing expired on September 22, 2011.

14. On March 2, 2012, Biglari sought to re-characterize its August 2011 filing as a corrective filing for its June 2011 acquisitions of Cracker Barrel voting securities. In the explanatory letter submitted at that time, Biglari committed to seeking advice from HSR counsel prior to making future acquisitions of any issuer's voting securities that could result in its aggregated holdings crossing the $50 million (as adjusted) threshold.

15. On September 25, 2012, the Department of Justice, acting at the request of the Federal Trade Commission, filed a complaint for civil penalties alleging that Biglari's acquisitions of voting securities of Cracker Barrel in June 2011 violated the HSR Act. *United States. v. Biglari Holdings, Inc.*, Civil Action No. 1:12-cv-01586 (D.D.C. 2012). The complaint alleged that Biglari did not qualify for the exemption for acquisitions made solely for the purpose of investment, 15 U.S.C. § 18a(c)(9) and 16 C.F.R. § 802.9, because Biglari's intent was

inconsistent with this exemption. This inconsistent intent was evidenced by, among other things, a request by Biglari's CEO for two seats on Cracker Barrel's board of directors within days after making the June 2011 acquisitions.

16. At the same time as the complaint was filed, the Department of Justice filed a stipulation signed by Biglari and a proposed final judgment settling the case. The final judgment required Biglari to pay a civil penalty of $850,000 for the violations alleged in the complaint. On May 30, 2013, the court entered the final judgment.

## DEFENDANT'S CURRENT VIOLATION OF THE HSR ACT

17. Prior to March 16, 2020, Biglari indirectly held 2,000,000 Cracker Barrel voting securities, valued at approximately $155.1 million. On March 16, 2020, two entities controlled by Biglari acquired an additional 55,141 Cracker Barrel voting securities. When aggregated with the voting securities already held by Biglari, these acquisitions resulted in Biglari holding 2,055,141 Cracker Barrel voting securities, valued at approximately $159.4 million. Biglari's holdings of Cracker Barrel voting securities therefore exceeded the $50 million threshold, which in March 2020 was $94 million. Additionally, Biglari and Cracker Barrel exceeded the size of person thresholds, which in March 2020 were $18.8 million and $188 million.

18. The HSR Act required Biglari to file a notification with the federal antitrust agencies and to observe a waiting period before consummating the March 16, 2020, acquisitions of Cracker Barrel voting securities. Biglari and Cracker Barrel each met the HSR Act's size of person test; the acquisitions met the HSR Act's size of transaction test; and no exemption applied.

19. Although required to do so, Biglari did not file under the HSR Act or observe the HSR Act's waiting period prior to completing the March 16, 2020, acquisitions.

20. Biglari's HSR Act violation was not discovered by Biglari itself. Rather, on June 9, 2020, the Premerger Notification Office of the Federal Trade Commission emailed counsel for Biglari to ask why no filing had been made under the HSR Act prior to Biglari's March 16, 2020 acquisitions of Cracker Barrel voting securities.

21. On June 19, 2020, Biglari made a corrective filing under the HSR Act. In the explanatory letter that accompanied Biglari's corrective filing, Biglari acknowledged the violation that began on March 16, 2020. Biglari also admitted in the explanatory letter that Biglari had not sought advice from HSR counsel prior to the March 16, 2020 acquisitions, contrary to the commitment it made in connection with its 2011 HSR Act violation.

22. The HSR waiting period on the corrective filing expired on July 20, 2020. Biglari was in continuous violation of the HSR Act from March 16, 2020, when it acquired the Cracker Barrel voting securities valued in excess of the HSR Act's then applicable $94 million filing threshold through July 20, 2020, when the waiting period expired on its corrective filing.

## REQUESTED RELIEF

WHEREFORE, the United States requests:

a. that the Court adjudge and decree that Defendant's acquisitions of Cracker Barrel voting securities on March 16, 2020 were violations of the HSR Act, 15 U.S.C. § 18a; and that

Defendant was in violation of the HSR Act each day from March 16, 2020 through July 20, 2020;

      b.      that the Court order Defendant to pay to the United States an appropriate civil penalty as provided by Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104 134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 85 Fed. Reg. 2014 (January 14, 2020);

      c.      that the Court order such other and further relief as the Court may deem just and proper; and

      d.      that the Court award the United States its costs of this suit.

Dated: December 22, 2021

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:

/s/ Jonathan S. Kanter

Jonathan S. Kanter
Assistant Attorney General
Department of Justice
Antitrust Division
Washington, D.C. 20530

/s/ Maribeth Petrizzi

Maribeth Petrizzi
D.C. Bar No. 435204
Special Attorney

/s/ Kenneth A. Libby
Kenneth A. Libby
Special Attorney

/s/ Kelly Horne
Kelly Horne
Special Attorney

Federal Trade Commission
Washington, D.C. 20580
(202) 326-2564